```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
```
In re

    RESOLUTION MANAGEMENT, LLC

                                                Case No. 15-11712 K

                        Debtor.

```
------------------------------------------------------------------
```
Morris L. Horwitz, as Chapter 7 Trustee,

                        Plaintiff,

        -vs-                                         AP 17-1033 K

Joseph G. Makowski, LLC dba
Makowski Law Office,

                        Defendant.
```
------------------------------------------------------------------
```

TO: HON. LAWRENCE J. VILARDO, USDJ

      I have heard this matter pursuant to your Order of Special Reference[1], and I submit to you this Report and Recommendation.

      This matter began in the Chapter 11 case of First American Receivables Company, LLC (hereinafter "FA"), filed on November 6, 2008. FA was a firm that bought debt upon which it sought to collect. In March of 2009, this writer approved a sale of FA's debt portfolio to Resolution Management, LLC (hereinafter "RM") with compensation to come back to FA over a period of time.

---

[1] "The matter is referred back to the Hon. Michael J. Kaplan, USBJ, for all pretrial matters in this case. ... All procedural aspects of matters properly before Judge Kaplan under this order, including scheduling court appearances, discovery deadlines and the filing of briefs or other supporting material, shall be determined by him. All motions or applications concerning pretrial matters shall be filed with the US Bankruptcy Court WDNY and made returnable before Judge Kaplan."

FA's Chapter 11 Trustee is Garry Graber, Esq.  He filed an Involuntary Petition against RM on July 27, 2015 because it had not fully paid its obligation to the FA estate. Subsequently, this Court entered an Order for Relief against RM and the US Trustee appointed Morris L. Horwitz as Chapter 7 Trustee.

Many Adversary Proceedings have been filed, and have been assigned to this writer in regard to payments undisputedly made by the involuntary debtor - - Resolution Management , LLC - - for the alleged benefit of others.  The present matter seeks to recover a sum paid by RM to the Makowski Law Office, for representation of an affiliate of RM, to the alleged detriment of the RM creditors and eventually to creditors of FA.

The present Report and Recommendation deals only with a $17,500 matter in what is otherwise a large case. ($11,675,674.00 in claims were filed; as of now, the amount of assets has not been determined.)

The question here is whether the Defendant waited too long to offer a defense.  If so, then $17,500 should be awarded.  If not, then sanctions should be awarded (although they were not sought).

## PROCEDURAL HISTORY

On August 17, 2017, Trustee Horwitz filed a Complaint alleging fraudulent conveyances under sections 273-276 of NY Debtor and Creditor Law seeking recovery of $17,500 transferred to the Makowski firm by the Debtor within six years before the Order of Relief.  The firm filed an Answer with Affirmative Defenses and a Counterclaim and a

demand for a jury trial. (That demand was the basis for Defendant's Motion to Withdraw the Reference that was granted by Your Honor.)

After referral back to this forum, several status hearings were held and at a November 16, 2018 conference, a discovery deadline of February 28, 2019 was set. Additional status conferences were held at which appearances Defendant's counsel reported to the Court that due to numerous relocations of Defendant's law offices, the firm had not been able to locate the file containing the work performed by Defendant, and counsel requested additional time to locate it. No motion was made by Defendant to extend the discovery deadline or the time to respond to discovery demands.

The Trustee's Motion for Summary Judgment was filed on April 29, 2019. The Makowski firm responded on June 4, 2019 arguing, plausibly, that RM paid for the firm's representation of an affiliate because RM feared the possibility of vicarious liability. Plaintiff filed a reply on July 3, 2019. As of the date of this Report and Recommendation, no further papers have been filed. (The firm has not responded to the July 3, 2019 submission, which is attached hereto as Exhibit A.)

Plaintiff's Motion for Summary Judgment is based upon Defendant's failure to respond, object, or enter into a stipulation extending the time to answer Plaintiff's Requests for Admission. As you know, Fed.R.Civ.P. 36 (a)(3) (and Bankruptcy Rule 7036) deem a matter admitted after 30 days if no response, objection or stipulation under Rule 29 or order by the court. Requests that the Plaintiff served upon the Defendant coupled with the failure to respond are dispositive of the factual issues that must be proven to grant summary judgment in Plaintiff's favor.

Defendant's June 4, 2019 response to the Motion for Summary Judgment contained the first sworn statement regarding the "lost file" after December 6, 2018, when the firm was served with the Requests for Admission. Plaintiff's Reply Memorandum of Law draws the Court's attention to the fact that eight months have elapsed since Defendant was served with Requests for Admission and the facts surrounding the "lost file" have not changed in that time.

## CONCLUSION

I recommend that Your Honor order entry of judgment in favor of the Trustee and dismissal of Defendant's counterclaim for the reasons stated in Exhibit A attached, and especially because of the verity of the argument that there was nothing in the Defendant's eventual submission to suggest that the same information could not have been submitted in a timely fashion, possibly avoiding meaningful expense to the Estate and/or the Trustee's counsel.[2]

(If the Defendant had responded to the Trustee's latest submission with an undertaking to compensate its opposing party and counsel for all the fees and expenses incurred because of the Defendant's failure to comply with all discovery demands in a timely fashion, I might be recommending sanctions rather than Summary Judgment.)

---

[2] Counsel for the Trustee was appointed on a contingent fee basis, and, consequently, has suffered loss that it would not have suffered if the same defense had been raised in a timely fashion.

The Clerk of the Bankruptcy Court shall transmit this Report and Recommendation to the District Court for consideration, in accordance with the governing practices and procedures.

Dated:    Buffalo, New York
          August 1, 2019

                                              /s/Michael J. Kaplan
                                              _____
                                                       U.S.B.J.